UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,

        Plaintiff/Respondent,

v.

BYRON VAN BRANCH, JR.,

        Defendant/Petitioner.

Crim. No. 98-208-07-HA
Civil No. 04-1213-HA

ORDER and OPINION

HAGGERTY, Chief Judge:

        Petitioner is currently serving a life sentence. He filed a pro se Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [2251]. The court appointed counsel and petitioner filed a First Amended Motion [2375]. The government responded [2384]. Petitioner then filed a reply [2397]. After considering the record and arguments presented, the court denies petitioner's motion.

        Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d

1 - ORDER

1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "'are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Mejia-Mesa,* 153 F.3d 925, 931 (9th Cir. 1998) (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989)). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted).

Petitioner's petition, the files, and the record in this case conclusively show that he is not entitled to the relief requested under § 2255. Accordingly, an evidentiary hearing is not necessary.

**I.     BACKGROUND**

On June 24, 1999, petitioner was indicted on various narcotics and money laundering charges, stemming from his participation in a conspiracy lasting from 1996 to 1998. Petitioner was charged with 31 counts, including conspiracy to distribute cocaine, conspiracy to launder the proceeds of unlawful drug trafficking, possession of cocaine with intent to distribute, money laundering to conceal the proceeds of drug trafficking, drug trafficking forfeiture, and money laundering forfeiture. Petitioner pled not guilty to all counts and proceeded to trial.

On May 10, 2001, after a three week trial, petitioner was convicted on all 31 pending counts. On December 11, 2001, the court sentenced petitioner to life for the drug trafficking conspiracy and to 240 months, to run concurrently, on each of the remaining counts.

Petitioner timely appealed his conviction and sentence. The Ninth Circuit Court of Appeals affirmed, and his request for rehearing en banc was denied.

## II. ANALYSIS

Petitioner asserts numerous grounds for relief, including several claims for ineffective assistance of counsel and other assorted constitutional claims. Several of these claims are procedurally defaulted, and are accordingly denied. The remaining claims are addressed below.

### A. Procedural Default

Claims that could have been raised on direct appeal, but were not, are barred under the procedural default doctrine. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). To circumvent this bar, petitioner must show cause and prejudice or actual innocence. *Id.*

Here, petitioner could have, but did not, raise several claims in his direct appeal that he now advances in his petition. Accordingly, petitioner's claims that the government engaged in outrageous conduct (Claim H of Petitioner's First Amended Motion under § 2255), that the district court erred in preventing petitioner from presenting defense witnesses (Claim I), that the district court erred in imposing a life sentence (Claim N), and that petitioner was denied access to discovery (Claim M) are procedurally defaulted.

Petitioner argues that the claim that he was unconstitutionally denied access to discovery is not procedurally defaulted because the claim required development of the factual record beyond that available to the appellate court. Petitioner makes no showing, however, of what factual record was unavailable to the appellate court, nor did petitioner make any claim in his direct appeal regarding the protective order entered by the court. This claim is procedurally defaulted.

### B. Remaining Claims

Petitioner's remaining claims assert various theories of ineffective assistance of counsel. For simplicity, the court will address these claims relating to petitioner's prior attorneys in order of their representation of petitioner.

In order to prevail on a claim for ineffective assistance of counsel "the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice." *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Under *Strickland*, counsel's competence is presumed and thus [petitioner] must rebut this presumption by demonstrating that [defense counsel's] performance was unreasonable under prevailing professional norms and was not the product of sound strategy." *Lambright v. Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007) (per curiam). Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

To show prejudice, defendant must demonstrate "that the attorney's deficient performance prejudiced the defendant such that 'there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Strickland*, 466 U.S. at 688).

### 1. Defense attorney J. Henry Langer

Petitioner asserts that Langer was ineffective because he (1) failed to discern that petitioner suffered from mental defects, (2) had a conflict of interest, and (3) committed perjury

when he testified in a pretrial hearing. Langer represented petitioner pre-indictment, from May 1998 to August 1998. Petitioner points to no deficiencies on the part of Langer with any factual support. Further, given Langer's very limited role in the representation of petitioner, he cannot demonstrate prejudice resulting from these allegations, even if the court were to find counsel's performance grossly deficient.

### 2.  Defense attorney Gayle Kvernland

Petitioner asserts that Kvernland was ineffective because she (1) failed to investigate petitioner's alleged mental defense, (2) had a conflict of interest, and (3) committed perjury when she testified at a pretrial hearing. Kvernland was appointed to represent petitioner in April 1999, and was replaced by Tom Price in January 2000. Kvernland's major involvement in petitioner's defense revolved around her representation of petitioner during the settlement conference conducted by Judge Michael R. Hogan and Judge Thomas M. Coffin.

Given her limited involvement as his counsel, her failure to investigate could not have prejudiced his defense since he obtained replacement counsel. As with his claims against Langer, petitioner neither articulates nor demonstrates how any action Kvernland took or failed to take on his behalf prejudiced his defense.

### 3.  Defense attorney Tom Price

Petitioner asserts that Price was ineffective because he (1) failed to present a diminished capacity defense, (2) was burdened by a conflict of interest, (3) failed to call Carlotta Franklin as a trial witness, (4) failed to adequately challenge the petitioner's life sentence, and (5) failed to adequately raise these issues on appeal. Price represented petitioner early in the proceedings,

5 - ORDER

and again was appointed to represent petitioner shortly after Kvernland had withdrawn, and represented petitioner through pretrial motions, trial, and appeal.

### a. Diminished Capacity Defense

Petitioner claims that Price rendered ineffective assistance of counsel in failing to present a diminished capacity defense. The government responds that Price made a reasonable strategic decision and that petitioner was not prejudiced by his decision.

Petitioner asserts that if Price has obtained a SPECT scan prior to trial, he could have used that evidence to establish an independent defense of diminished capacity that the court may have allowed to go to the jury. Instead, Price delayed the SPECT scan, and tied evidence of diminished capacity to a duress defense, which the court found to be inadmissible.

In his affidavit, Price provides a detailed and reasonable explanation for his strategic decision to forego a SPECT scan until after trial, and his decision to join the evidence of diminished capacity to a duress defense. Price describes that he did investigate petitioner's low mental intellectual function, and consulted with experts about the possible results of a SPECT scan. Price concluded that the possibility that the SPECT scan show no mental deficits outweighed the benefit it would provide if it did show brain damage. Following the advice of his expert witness, Price concluded that if the scan did not reveal anything it could be used by the government as evidence that petitioner had no mental deficits. Instead of pursuing the SPECT scan for trial, Price instead chose to obtain a follow-up report from a neuropsychologist to support the diminished capacity defense. Nothing in the record supports a conclusion that Price acted unreasonably or that the outcome of the case would have changed.

Further, Price's decision not to call additional witnesses to support a diminished capacity defense is objectively reasonable, based on his finding that these potential witnesses lacked

6 - ORDER

credibility and their testimony would be detrimental to the defense. Because Price's decision was made after investigation and careful consideration, the court cannot find that it was unreasonable.

### b. Conflict of Interest

Petitioner argues that Price rendered ineffective assistance of counsel due to a conflict of interest. Among other claims, petitioner contends that Price was conflicted as a result of threats made by Assistant United States Attorney Richard Scruggs. Petitioner claims that Scruggs made a number of threatening remarks to Price, concerning the amount of money spent by the defense. Petitioner also alleges that Scruggs threatened to have Price audited.

To demonstrate ineffective assistance due to a conflict of interest, petitioner need not show prejudice. "Instead, prejudice is presumed if a defendant demonstrates that his counsel labored under an 'actual conflict of interest.'" *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003) (quoting *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). "An actual conflict is 'a conflict that affected counsel's performance – as opposed to a mere theoretical division of loyalties.'" *Id.* (quoting *Mickens v. Taylor*, 535 U.S. 162, 171 (2002)). Conflicts must also be specific; petitioner must "do more than simply allege a conflict or baldly assert that the asserted conflict had an adverse effect." *Rodrigues*, 347 F.3d at 824.

Here, petitioner offers nothing more than speculation to support his claim that Price was burdened by a conflict of interest. He has provided no evidence that any perceived or actual conflict actually affected Price's performance, nor does he identify any viable foregone litigation strategy that resulted from such a conflict. Accordingly, he has not demonstrated that Price provided ineffective assistance of counsel as a result of any conflict of interest.

7 - ORDER

### c. Failure to Call Carlotta Franklin as Witness

Petitioner argues that Price should have called Carlotta Franklin as a trial witness to testify regarding the money laundering charges. The government responds that Price's decision not to call Franklin was reasonable in light of his investigation and that petitioner was not prejudiced by the decision.

In his affidavit, Price explains that he thought Franklin's testimony would hurt petitioner's case. In his interview with Franklin, she revealed to Price that petitioner possessed a gun, had threatened her with it, and had been physically abusive. From this interview, Price concluded that Franklin's testimony would do more harm than good because Price was trying to distance petitioner from any allegations that he was violent. Because Price's decision regarding Franklin was informed and reasonable in light of his investigation, petitioner cannot demonstrate deficient performance or prejudice.

### d. Challenging Petitioner's Life Sentence

Petitioner asserts that Price should have challenged the court's reliance on petitioner's prior drug convictions at sentencing. At the time of trial, petitioner had two prior felony drug convictions: delivery of a controlled substance in 1991 and possession of a controlled substance in 1989. Petitioner argues that these prior convictions were not felony drug convictions sufficient to trigger the mandatory life sentence pursuant to 21 U.S.C. § 841(a)(1)(A), and that Price provided ineffective assistance in not making this argument to the court.

Petitioner fails to cite any authority for his assertion that either prior conviction fails to meet the statutory definition of a felony drug conviction. Further, the Ninth Circuit has specifically rejected this argument. *See United States v. Rosales*, 516 F.3d 749, 758 (9th Cir.

2008) (holding that when determining whether a state felony drug offense is punishable by more than one year, the court looks to the state's statutory maximum sentence and not the maximum sentence available under the state sentencing guidelines). Accordingly, petitioner cannot show that Price's failure to raise this argument to the court was objectively unreasonable.

### e. Petitioner's Appeal

Petitioner asserts that Price rendered ineffective assistance of counsel in preparing petitioner's appeal to the Ninth Circuit Court of Appeals. Petitioner raises all of the same arguments in support of his claim that Price was ineffective in appealing his sentence and conviction. For the reasons set forth above, petitioner cannot show either deficient performance, prejudice, or that any conflict of interest affected any of his attorneys. Because petitioner has failed to establish any deficiencies on the part of defense counsel, petitioner's claims are denied.

## III. CONCLUSION

Based on the foregoing, petitioner's Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [2375] is DENIED.

IT IS SO ORDERED.

DATED this  10  day of July, 2008

          /s/ Ancer L. Haggerty
          Ancer L. Haggerty
          United States District Judge